# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

Lorene H. Hinton, Plaintiff,

v. Walmart Stores East, LP, Defendant.

Civil Action No.: _____

Jury – Yes

# COMPLAINT

## 1. Jurisdiction and Venue

1. This action arises under the **Age Discrimination in Employment Act of 1967 (ADEA)**, 29 U.S.C. § 621 et seq., and the **South Carolina Human Affairs Law**.
2. Plaintiff received a **Right to Sue** from the South Carolina Human Affairs Commission (SCHAC) on **April 17, 2026**, and this lawsuit is filed within the required **90-day period**.
3. Venue is proper in the **District of South Carolina, Charleston Division**, because the unlawful employment practices occurred in Mount Pleasant, South Carolina, and Defendant conducts business in this district.

## 2. Parties

4. Plaintiff **Lorene H. Hinton** is a resident of North Charleston, South Carolina.
5. Defendant **Walmart Stores East, LP** is an employer within the meaning of the ADEA and operates retail stores throughout South Carolina, including Store #1481 located at 1481 N Highway 17, Mount Pleasant, SC 29464.

## 3. Exhaustion of Administrative Remedies

6. Plaintiff filed a Charge of Discrimination with **SCHAC**, dual-filed with the EEOC, under Charge No. 14C-2025-01221.
7. SCHAC did not complete its investigation within 180 days.
8. Plaintiff requested a Right to Sue, and SCHAC issued the Right to Sue on **April 17, 2026**.
9. Plaintiff has exhausted all administrative remedies.

1

# 4. Statement of Facts

## A. Denial of Medical Insurance Benefits

10. Plaintiff began working for Defendant on or around **February 1, 2020,** as a cashier and was provided medical insurance upon hiring.
11. On **January 1, 2025,** Plaintiff discovered that Defendant had dropped her medical insurance without explanation.
12. As stated in the SCHAC charge:

"I discovered on January 1, 2025, that my employer dropped my medical insurance and when I inquired why they dropped my medical insurance, I was given no reason."

13. Plaintiff believes she was denied benefits because of her age (68).

## B. Immediate Request for Transfer After Insurance Was Removed

14. After learning her medical insurance had been terminated, Plaintiff **immediately requested a transfer** to the Walmart store located in **James Island, South Carolina,** seeking a more stable and supportive work environment.
15. Defendant did not process or honor her transfer request, continuing a pattern of denying Plaintiff opportunities routinely granted to younger employees.
16. This denial further supports Plaintiff's claim that she was subjected to adverse treatment because of her age.

## C. Denial of Training After Passing Team Lead Test

17. Plaintiff passed the test to become a team lead and expressed interest in completing her training.
18. Beginning **February 1, 2025,** through **July 4, 2025,** Plaintiff's coach refused to provide training or shadowing opportunities.
19. Plaintiff was one of the oldest employees in the store.
20. As stated in the SCHAC charge:

"My coach was uncooperative and would not offer me any training or shadowing opportunities."

21. Plaintiff believes she was denied training because of her age.

## D. Denial of Transfer and Disciplinary Action

22. On **April 16, 2025,** Plaintiff requested a transfer from the front end to the Electronics department.
23. On **April 18, 2025,** the Security Team Lead accused Plaintiff of allowing a minor to purchase cigarettes on **March 11, 2025,** which Plaintiff refutes.
24. Plaintiff asked to see the video, but Defendant refused.

2

25. Plaintiff received a "red and coaching session" and was told she could not transfer departments for another year.
26. As stated in the SCHAC charge:

"This isn't the first time I have requested a transfer, but the Respondent always finds a reason as to why I cannot transfer."

27. Younger employees were allowed to transfer freely.
28. Plaintiff believes she was disciplined and denied transfer because of her age.

## E. Wrongful Discharge

29. Plaintiff was discharged on **July 4, 2025**.
30. Defendant claimed Plaintiff was rude to a customer and had three coaching.
31. Plaintiff refutes the allegation of rudeness but did apologize.
32. Defendant failed to follow protocol: Plaintiff's supervisor was not present, and she was discharged by the Security Team Lead instead.
33. As stated in the SCHAC charge:

"Protocol was not followed in my discharge. My supervisor wasn't present for the discharge, and I was instead discharged by the Security Team Lead."

34. Plaintiff believes she was discharged because of her age.

## F. Award of Unemployment Benefits

35. After her termination, Plaintiff applied for unemployment benefits through the South Carolina Department of Employment and Workforce (SCDEW).
36. Plaintiff was **approved for unemployment benefits**, meaning the state determined she was **not terminated for misconduct**.
37. This finding contradicts Defendant's stated reasons for termination and supports Plaintiff's claim that Defendant's justification was **false, retaliatory, and pretextual**.
38. The award of unemployment benefits further demonstrates that Plaintiff suffered economic harm as a result of Defendant's discriminatory and retaliatory actions.

# 5. Claims for Relief

## Count I — Age Discrimination (ADEA)

39. Defendant discriminated against Plaintiff because of her age (68) by denying benefits, training, transfer opportunities, and by terminating her employment.
40. Defendant's actions violated the ADEA.

## Count II — Retaliation (ADEA)

3

41. Plaintiff engaged in protected activity by requesting training, transfers, and questioning discriminatory treatment.
42. Defendant retaliated by disciplining her and terminating her employment.
43. Defendant's retaliation violated the ADEA.

# 6. Damages

Plaintiff seeks:

- Back pay
- Front pay
- Lost benefits
- Compensatory damages
- Liquidated damages under the ADEA
- Emotional distress damages (under SCHAL)
- Attorney's fees and costs
- Any other relief the Court deems just and proper

# 7. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

# 8. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for all damages listed above and any additional relief the Court finds appropriate.

*Lorenn Hinton*

1050 Johnnie Dodd Blv
P.O. Box 189, Mt Pleasant SC